JOHN T. GORMAN
Federal Public Defender
District of Guam
LEILANI V. LUJAN
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Attorney for Ramon Aldan Castro

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) | CR 91-00070 |
|---|---|---|
| Plaintiff, | ) ) ) | SUPPLEMENTAL MOTION TO REDUCE SENTENCE PURSUANT |
| vs. | ) ) | TO 18 U.S.C. § 3582; EXHIBITS A-D |
| RAMON ALDAN CASTRO, | ) ) | |
| Defendant. | ) ) | |

Mr. Castro has served over 35 years of imprisonment in the present case. He respectfully requests 1) a reduction of his life imprisonment sentence to 36 years and 2) transfer to a halfway home pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on extraordinary and compelling reasons arising from his age, chronic medical conditions and the grave risk posed to his life by COVID-19.

I. **Procedural background.**

Mr. Castro is 65 years old. The events underlying Mr. Castro's conviction occurred 37 years ago on March 2, 1986. (ECF 2.) On August 1, 1991, he pled guilty pursuant to an Information and Plea Agreement charging Felony Murder for aiding and abetting in the stabbing death of Patricia Best, which occurred during his knowing

and willful attempt to perpetrate sexual abuse and aggravated sexual abuse on Ms. Best. (ECF 2, 3.) On December 20, 1991, Mr. Castro was sentenced to life imprisonment pursuant to his plea agreement. (ECF 3, 14.) He is currently incarcerated at FCI Terra Haute in Indiana.

In approximately June 2022, Mr. Castro submitted his request for a compassionate release sentence reduction to the Warden of FCI Terra Haute. On July 1, 2022, Warden T. Rule denied Mr. Castro's request. (ECF 15 at 7.) On September 6, 2022, Mr. Castro filed a pro se *Motion for Compassionate Release/"Cares Act Home Confinement"* in the United States District Court of Guam. (ECF 15.)

As noted, Mr. Castro is 65 years old. He suffers from multiple chronic conditions, including chronic hepatitis C, anemia, thrombocytopenia, hypothyroidism, mood disorder, obesity, hypertension, chronic obstructive pulmonary disease, respiratory disorder, cirrhosis of the liver and chronic cough. (**Exhibit A**.)

**II. Law**.

Pursuant to the First Step Act of 2018 (FSA), inmates can file for compassionate release with the Court rather than relying on the BOP to do it for them. First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018); 18 U.S.C. § 3582(c)(1)(A). Congress' express purpose in amending 18 U.S.C. § 3582(c)(1)(A) by the FSA was to increase the use of compassionate release sentence reductions. *Id.* at § 603(b), *Increasing the Use and Transparency of Compassionate Release.* "The effect of the [First Step Act] is that a district judge has the ability to grant a prisoner's motion for compassionate release even in the face of BOP opposition or its failure to respond to a prisoner's request for

compassionate release in a timely manner." *United States v. Young*, 458 F. Supp. 3d 838, 844 (M.D. Tenn. Mar. 4, 2020).

### A. 18 U.S.C. § 3582(c)(1)(A)(i) governs this motion.

Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce an imprisonment term upon motion of a defendant, who has exhausted administrative remedies or has waited the statutory 30 days period, if, after considering the factors in 18 U.S.C. § 3553, it finds that extraordinary and compelling reasons warrant the reduction, and the reduction is consistent with the Sentencing Commission's applicable policy statements.

### B. There are no applicable Sentencing Commission policy statements post-First Step Act.

The Sentencing Commission has yet to harmonize its policy statement contained in § 1B1.13 with the FSA. Consequently, the Ninth Circuit and five of its sister circuits have found § 1B1.13 inapplicable in defendant-initiated § 3582(c)(1)(A) motions and, as such, district courts are free to consider any extraordinary and compelling reason that warrants a sentence reduction. *United States v. Aruda*, 993 F.3d 797, 801-802 (9th Cir. Apr. 8, 2021); *United States v. McGee*, 992 F.3d 1035, 1050-51 (10th Cir. 2021); *United States v. McCoy*, 981 F.3d 271, 281-84 (4th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 234-237 (2d Cir. 2020).

### C. District courts have broad discretion to consider any extraordinary and compelling reasons in a defendant-initiated motion.

District courts are empowered with broad and independent discretion under the FSA to consider *any* extraordinary and compelling reason for release that a defendant may raise. This Court, along with a majority of district courts and circuit courts, has disregarded § 1B1.13 in defendant-initiated motions. *United States v. Leon Guerrero*, No. 12-CR-00022, ECF 199 (D. Gu. Dec. 27, 2021) (granting compassionate release without reference to § 1B1.13); *United States v. Jesse Anthony Cruz*, No. 19-CR-00009, ECF 67 (D. Gu. Dec. 23, 2020) (granting compassionate release without reference to §1B1.13 and noting that "the court may 'consider the vast variety of circumstances that may constitute 'extraordinary and compelling" reasons while analyzing a defendant's motion for compassionate release."); *United States v. Vincent Q. Lujan*, No. 18-CR-00013, ECF 63 at 6 n.8 (D. Gu. Dec. 20, 2020) ("The Second Circuit and a growing number of district courts have analyzed § 3582 motions brought by defendants without reference to USSG § 1B1.13 or its application notes. [...] The court's analysis above reflects this trend toward a broader approach for § 3582 motions brought by defendants rather than by the BOP."); *Aruda*, 993 F.3d at 802; *United States v. Parker*, 461 F. Supp. 3d 966, 978-979 (C.D. Cal. May 21, 2020) (collecting cases); *Young* 458 F. Supp. 3d at 845 (collecting cases). Post-FSA, district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise.

### III. Analysis.

#### A. The statutory 30 day waiting period has been satisfied.

More than 30 days have elapsed since Mr. Castro's request for compassionate release was submitted to the FCI Terra Haute Warden in approximately June, 2022. His request was denied on July 1, 2022. As a result, he has satisfied § 3582(c)(1)(A)'s statutory 30 days waiting period.

#### B. Extraordinary and compelling reasons warrant the requested sentence reduction.

##### 1. Mr. Castro suffers from Serious Chronic Medical Conditions.

Mr. Castro suffers from serious chronic conditions, including chronic hepatitis C, anemia, thrombocytopenia, hypothyroidism, mood disorder, obesity, hypertension, chronic obstructive pulmonary disease, respiratory disorder, cirrhosis of the liver and chronic cough. (**Exhibit A**.) The Centers for Disease Control (CDC) has identified a number of his medical conditions as predisposing an individual to severe illness from COVID-19.[1] These conditions are: chronic liver disease, chronic lung disease, hypertension, mood disorder, obesity, and being a former smoker. (**Exhibit B**.) Based on CDC research, a person with the above conditions, like Mr. Castro, is more likely to experience severe illness from COVID-19 and more likely to be hospitalized, need intensive care, require a ventilator to breath, or die. (*Id*.) Further, "a person's risk of severe illness from COVID-19 increases as the number of underlying medical

---

[1] "People with Certain Medical Conditions" (May 11, 2023) *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed on June 20, 2023, 11:18 a.m.). (**Exhibit B**.)

5

conditions they have increases." (*Id*.) Mr. Castro's documented history of chronic medical conditions increases his risk of serious illness or death from COVID-19.

### 2. Mr. Castro's chronic conditions predispose him to severe consequences from COVID-19.

COVID-19 has proven to be an extraordinarily serious and deadly virus. In the United States, COVID-19 has infected and killed people in mind-boggling numbers. According to CDC's COVID Data Tracker, 1,132,206 people have been killed by the deadly virus as of June 20, 2023.[2] While there are no active cases presently at FCI Terra Haute, there have been a total of 7 COVID-19 related deaths.[3] No confirmed cases does not mean that COVID-19 is not present at the facility or that future outbreaks are not possible. *United States v. Campbell*, 2020 WL 4432845, at *4 (N.D. Iowa July 31, 2020).

COVID-19 and its ever-evolving variants continue to pose grave dangers to imprisoned individuals like Mr. Castro, who suffer from serious, chronic comorbidities. As a result, "[c]ourts have found that COVID-19 may present an extraordinary and compelling reason to grant a sentence reduction when a prisoner's health makes the prisoner particularly vulnerable should he contract COVID-19." *Leon Guerrero*, No. 12-CR-00022, ECF 199 at 2-3 (citing *United States v. Burrill*, 445 F. Supp. 3d 22, 27 (N.D. Cal. 2020) (listing cases)).

---

[2] CDC, "Covid-19 Data Tracker." available at https://covid.cdc.gov/covid-data-tracker/#datatracker-home (last accessed on June 20, 2023, 11:25 a.m.).

[3] Bureau of Prisons, "Inmate COVID-19 Data," available at https://www.bop.gov/about/statistics/ statistics_inmate_covid19.jsp#alltimeCovidDemographics (Facility Code: THX) (last accessed on June 20, 2023, 11:29 a.m.).

6

### 3. The combination of Mr. Castro's age and serious deterioration in physical health because of the aging process support the requested sentence reduction.

Mr. Castro is 65 years old. Over the last 35 years of his imprisonment, his health has seriously and irreversibly deteriorated. The combination of his age and irreversible chronic conditions due to the aging process further support his requested sentence reduction.

### VI. Mr. Castro's current incarceration term exceeds the the National and Ninth Circuit median sentences for murder.

Mr. Castro has been incarcerated for over 35 years to date. He has served more than the national median sentence for murder of 231 months (19 years and 3 months) and the Ninth Circuit median sentence of 220 months (18 years and 4 months).[4]

### V. The requested sentence reduction is consistent with 18 U.S.C. § 3553(a).

Given Mr. Castro's chronic medical condition and the dire risks COVID-19 poses to his life, his requested sentence reduction to 36 years imprisonment and halfway house placement is sufficient but not greater than necessary to accomplish the goals of § 3553. While incarcerated, Mr. Castro has completed a number of programs. (**Exhibit D**.) The requested sentence reduction satisfies the factors under § 3553(a) and still represents a significant amount of imprisonment. Due to his personal health risk factors and custodial status, Mr. Castro is at an increased risk of suffering severe

---

[4] United States Sentencing Commission, Statistical Information Packet, Fiscal Year 2020, Ninth Circuit, available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2021/9c20.pdf (last accessed on June 20, 2023, 11:40 a.m.). (**Exhibit C**.)

medical complications, hospitalization, or death as a result of exposure to COVID-19. The full sentence of life imprisonment is greater than necessary to accomplish the goals of § 3553(a).

**VI.  Mr. Castro has a viable release plan.**

If this motion is granted, Mr. Castro requests that 1) his imprisonment sentence be reduced to 36 years and 2) he be transferred to a halfway house. After his halfway house participation, he will reside with his sister, Bernadette Castro DeGrazia, and her husband, Dominic DeGrazia, in Winnemmucca, Nevada. The couple's home has 4 bedrooms and 2 bathrooms. Mr. Castro would have his own room. He would have access to transportation, including the family's 2 cars and public transit. He would have access to Humboldt General Hospital and numerous medical clinics. Additionally, Mr. Castro would have the full support of his sister and her family, including her husband and adult children (2 daughters and a son) who also live in Winnemmucca, Nevada.

**VII.  Conclusion.**

Based on the foregoing, Mr. Castro respectfully requests 1) a reduction of his life imprisonment sentence to 36 years and 2) transfer into a halfway house pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

DATED: Mongmong, Guam, June 21, 2023.

/s/: 

Leilani V. Lujan
Assistant Federal Public Defender
District of Guam

Attorney for Ramon Aldan Castro