# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 91-00070 |
| Plaintiff, | |
| vs. | **ORDER DENYING MOTIONS FOR COMPASSIONATE RELEASE** |
| RAMON ALDAN CASTRO, | |
| Defendant. | |

The court is in receipt of Defendant Ramon Aldan Castro's "Motion for Consideration for Compassionat Release/ 'CARES Act Home Confinement 3582(c)(1)(A)'" (ECF No. 15) ("pro se Motion") and his Supplemental Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 (ECF No. 24) ("Supplemental Motion"). Therein, Defendant moves the court for immediate release from detention to a halfway house. Having reviewed the record and relevant caselaw, and having heard oral argument from the parties, the court DENIES Defendant's motions.

### I. PROCEDURAL BACKGROUND

Defendant was charged by Information with felony murder for aiding and abetting in the

murder of Patricia Best which occurred during his attempt to sexually abuse her, in violation of 18 U.S.C. § 1111. Information, Docket No. 2. On August 1, 1991, Defendant pled guilty to the Information. Docket No. 4. The court sentenced Defendant on December 20, 1991 to a term of life imprisonment. Docket No. 11. Defendant is currently serving his sentence at the Federal Correctional Institution (FCI) Terre Haute in Terre Haute, Indiana.[1]

Defendant states that he submitted a request for compassionate release with the prison warden at FCI Terre Haute in approximately June 2022. Suppl. Mot. at 2, ECF No. 24. On July 1, 2022, the warden denied Defendant's request for compassionate release. Attach., ECF No. 15 at 7. On September 6, 2022, Defendant filed the pro se Motion, and on June 21, 2023 Defendant filed the Supplemental Motion with the assistance of counsel. *See* ECF Nos. 15 & 24. Therein, Defendant requests compassionate release because he suffers from eleven different medical conditions. Def.'s Ex. A at 16, 50, 57, 67, 69, & 86, ECF No. 25-1.

## II.    ANALYSIS

Pursuant to the First Step Act of 2018, a defendant can directly petition a court for a sentence reduction. First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). To grant a motion made pursuant to § 3582(c), the defendant must satisfy three requirements: first, a defendant must exhaust administrative remedies; second, the court must find that "extraordinary and compelling reasons warrant such a reduction"; and third, the court must consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. 18 U.S.C. § 3582(c).

However, before the First Step Act of 2018, there was the Comprehensive Crime Control Act of 1984. *See* Pub. L. No. 98-473, 98 Stat. 1837, 1976 (codified as amended in scattered

---

[1] *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last viewed Aug. 8, 2023).

sections of 18 U.S.C.). The Comprehensive Crime Control Act eliminated parole for federal offenders as set forth in 18 U.S.C. § 4505(g) and created the compassionate release process set forth in 18 U.S.C. § 3582(c)(1)(A) that the First Step Act later reformed. *See id.*; First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (First Step Act intended to increase "the use and transparency of compassionate release."). The elimination of parole and creation of the opportunity for compassionate release was only applicable to "inmates whose offenses occurred on or after November 1, 1987." *See* Sentencing Act of 1987, Pub. L. No. 100-182, § 2(a), 101 Stat. 1266 (subsequently modifying the effective date of the 1984 reform); *see also* 28 C.F.R. § 572.40 (2023) (delineating the applicability of 18 U.S.C. § 4205(g) and 3582(c)(1)(A)). As such, 18 U.S.C. § 4205(g) "remain[ed] the controlling law for inmates whose offenses occurred prior to that date." 28 C.F.R. § 572.40.

The Ninth Circuit affirmed that, as long as Congress continues to extend the applicability of § 4205(g) to pre-November 1, 1987 offenders, compassionate release under §3582(c)(1)(A) is not available to them. *United States v. King*, 24 F.4th 1226 (9th Cir. 2022). Congress extended said applicability of § 4205(g) on December 16, 2022 through September 30, 2023. Further Continuing Appropriations and Extensions Act, 2023, Pub. L. No. 117-229, § 103, 136 Stat. 2308, 2309; *see also* 18 U.S.C. § 3551 note.

The offense in this case occurred on March 2, 1986. Docket No. 2. Defendant therefore falls into the category of offenders who may obtain early release through parole under § 4502(g), but not compassionate release through § 3582(c)(1)(A). The instant Motions seek relief only through § 3285(c)(1)(A). Additionally, even if the Motions requested relief under § 4205(g), the court may only reduce a term of imprisonment under § 4205(g) "upon motion of the Bureau of Prisons." 18 U.S.C. § 4205(g) note. The instant Motions are made by Defendant, not the Bureau

of Prisons. As such, the pro se Motion and Supplemental Motion are DENIED.[2]

**SO ORDERED.**

/s/ **Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Aug 14, 2023**

---

[2] At the hearing on this motion, Defendant requested the court analyze Defendant's Motions under 18 U.S.C. § 3553(a). As the court plainly does not have the authority to grant Defendant's compassionate release, it declines to engage in a § 3553(a) analysis.